IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOHNNY PAUL DODSON                                                                           PETITIONER

v.                                           NO. 5:05CV00334 WRW/JFF

LARRY NORRIS, Director,
Arkansas Department of Correction                                                         RESPONDENT

### ORDER

On December 29, 2005, the respondent responded to petitioner's petition for writ of habeas corpus. In his response, the respondent asserts that because petitioner failed to timely file his petition pursuant to 28 U.S.C. § 2244(d),[1] his petition should be

---

[1] Subsection (d) of § 2244 provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

dismissed.  The court orders the petitioner to inform the court, by January 30, 2006, why his petition should not be dismissed as time barred.

In his response, the respondent also contends that petitioner did not properly present several of his claims in state court and that he has procedurally defaulted the claims. A district court is ordinarily precluded from considering any claim that a petitioner has failed to "fairly present" to the state court. <u>Wemark v. Iowa</u>, 322 F.3d 1018, 1020-21 (8th Cir. 2003). "A claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." <u>Id</u>. at 1021 (citing <u>Joubert v. Hopkins</u>, 75 F.3d 1232, 1240 (8th Cir. 1996)).   Where a petitioner has failed to fairly present his claims to the state court, the claims are procedurally defaulted, and this court cannot consider them unless the petitioner can show cause for his default in state court and actual prejudice as a result of the constitutional violation, or actual innocence. <u>Wemark v. Iowa</u>, 322 F.3d at 1021-22.  The existence of cause "must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray v. Carrier</u>, 477 U.S.

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

478, 488 (1986). For example, a showing that the factual or legal basis for the claim was not reasonably available to counsel, that some interference by officials made compliance impracticable, or that counsel's performance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), would constitute factors external to the defense and cause for a procedural default. Coleman v. Thompson, 501 U.S. 722, 753 (1991). Where a prisoner has no constitutional right to an attorney, such as in state post-conviction proceedings, any attorney error that led to default cannot constitute cause to excuse the default in federal court. Id. at 757; Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998).

A narrow exception to the cause and prejudice standard exists where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. at 496. To meet the actual innocence standard, a petitioner must present **new reliable evidence** not presented at trial and demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995); Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir.), cert. denied, 534 U.S. 963 (2001); Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995).

The court orders the petitioner to submit, by January 30, 2006, a written statement describing the circumstances that led to the petitioner's failure to obtain a ruling on the merits of each ground that the respondent has alleged is now procedurally barred. Petitioner may also submit **new** reliable evidence not presented at trial to demonstrate that it is more likely than not that no reasonable juror would have found

him guilty beyond a reasonable doubt.

    IT IS SO ORDERED this 30th day of December, 2005.

                                                          _____
                                                          UNITED STATES MAGISTRATE JUDGE